UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVE DOXSIE,

           Plaintiff,

    v.

CITY OF BREMERTON,

           Defendant.

Case No. C07-5490 RJB

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. 12). The Court has considered the pleadings filed in support of the motion and the remainder of the file herein.

## I. PROCEDURAL HISTORY

On September 14, 2007, Plaintiff Steve Doxsie filed a complaint against Defendant City of Bremerton for violation of his civil rights under 42 U.S.C. § 1983, False Imprisonment, and False Arrest. Dkt. 1 (Complaint).

On June 26, 2008, Defendant filed a Motion for Summary Judgment requesting that Plaintiff's complaint be dismissed in its entirety. Dkt. 12. Plaintiff did not respond.

ORDER - 1

## II. FACTS

Plaintiff claims that:

> On or about September 20, 2004, at approximately 2:40am, Plaintiff was operating his red Corvette, license #0096GDW lawfully traveling to open his business. As Plaintiff turned left from Callow Avenue on to 11 th Street, he was unlawfully stopped under color of authority by a Bremerton Police Officer, Brian Johnson.
>
> Plaintiff stopped his vehicle. He was dragged out of his vehicle by his hair and arm by a Bremerton Police Officer, Michael Davis, at gun point, striking his head on the pavement. Bremerton Police Officer(s) further slammed their knee into Plaintiffs ribs and handcuffed him.
>
> Plaintiff was unlawfully seized and arrested and detained without probable cause by Bremerton Police Officers, allegedly for being in possession of a stolen red corvette, although no stolen red corvettes had been reported stolen to the Washington State Patrol with a license number similar to Plaintiffs vehicle.

Complaint, ¶¶ 6-7.

## III. DISCUSSION

As a threshold matter, Plaintiff has failed to respond to Defendant's Motion for Summary Judgment. If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit. Local Rule, 7(b)(2). Regardless of Plaintiff's failure, the Court will consider the merits of Defendant's motion.

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party

ORDER - 2

must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Plaintiff's First Cause of Action – Violation of Civil Rights Under 42 U.S.C. § 1983**

Plaintiff alleges that the City of Bremerton has violated his civil rights. *See* Complaint. A city is liable for a violation of an individual's constitutional rights under 42 U.S.C. § 1983 only when the constitutional violation was a product of a policy, practice, or custom adopted and promulgated by the city's officials. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). In order to prevail on such a claim, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to "deliberate indifference" to the constitutional right and was the "moving force" behind the constitutional violation. *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996)).

ORDER - 3

Defendant argues that "There is simply no evidence that a Bremerton policy, practice or custom was the "moving force" behind his arrest; it was simply a misunderstanding between two police officers." Dkt. 12 at 7. Plaintiff has not presented the Court with evidence of Defendant "policy, practice, or custom." Therefore, the Court should grant Defendant's Motion for Summary Judgment on this claim because the record does not reflect that there are questions of material fact on this issue.

**C.    Plaintiff's Second Cause of Action – False Imprisonment**

RCW 4.16.100 mandates that a cause of action for false imprisonment must be brought within two years of the incident. Plaintiff claims that the alleged false imprisonment took place on September 20, 2004. Complaint, ¶ 6. Plaintiff filed his complaint on September 13, 2007. *See id*. Therefore, the Court should grant Defendant's Motion for Summary Judgment because Plaintiff's claim for false imprisonment is time barred.

**D.    Plaintiff's Third Cause of Action – Emotional Distress**

Although Defendant did not specifically address this claim in its motion, Defendant did request that the Court dismiss Plaintiff's complaint in its entirety. Dkt. 12 at 9. Plaintiff has failed to address this issue or submit any evidence to support this claim. Therefore, the Court should grant Defendant's Motion for Summary Judgment on this claim because the record does not reflect that there are questions of material fact regarding this issue.

**E.    Negligent Arrest or Negligent Investigation**

Defendant claims that "While plaintiff does not specifically allege a negligent investigation or negligent arrest claim in his complaint, plaintiff alleges that 'Bremerton Police Department conducted an investigation in a negligently (sic) manner…' Complaint at ¶ 9." Dkt. 12 at 8. Defendant argues that this implicit claim should be dismissed because Washington does not recognize claims for negligent arrest or negligent investigation. *Id*. Plaintiff has failed to either specifically plead this claim or address this argument. Therefore, even if the claim was sufficiently plead, the Court should

ORDER - 4

grant Defendant's Motion for Summary Judgment on this claim because Plaintiff has failed to show that Washington recognizes a cause of action under this theory of law.

### **III. ORDER**

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 12) is **GRANTED** and Plaintiff's Complaint is dismissed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th of August, 2008.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge

ORDER - 5